IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ILDELFONSO CRUZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA PRISON SYSTEM; | : | No. 12-1268 |
| WARDEN DELANEY; and MED. DEPT. | : | |
| HELEN | : | |

**NORMA L. SHAPIRO, J.**　　　　　　　　　　　　　　　　　　　　　　　　**MARCH 24, 2015**

### MEMORANDUM

Before the court is defendants' motion to dismiss plaintiff's complaint. Plaintiff Ildelfonso Cruz alleges he was housed in an overcrowded cell at the Curran-Fromhold Correctional Facility and received inadequate health care for his arm and shoulder after tripping on a "bunk on the floor (Boat)." The court granted plaintiff's application to proceed *in forma pauperis* on May 22, 2012. On August 20, 2014, defendants Philadelphia Prison System and Warden John Delaney filed an amended motion to dismiss plaintiff's complaint for failure to state a claim. On November 3, 2014, plaintiff filed a notice of his intent to proceed *in forma pauperis*, but did not address any of the deficiencies in his complaint.

### I.  BACKGROUND

Plaintiff filed a complaint stating claims against three defendants: Philadelphia Prison System, Warden Delaney, and Med. Dept. Helen.[1] Plaintiff alleges during his incarceration within the Philadelphia Prison System he was placed in a three man cell (a two person cell with a plastic boat on the floor for a third inmate). Plaintiff alleges he tripped over "the bunk on the floor (Boat)," fell on his arm, and injured his shoulder. He also alleges that he requested x-rays, was told he did not need x-rays, and did not receive treatment for his pain except Motrin.

---

[1] In the caption of his complaint, plaintiff names only the Philadelphia Prison System as a defendant. On the second page of his complaint, plaintiff lists Med. Dept. Helen and Warden Delaney as additional defendants.

Plaintiff filed a notice of his intent to proceed *in forma pauperis*; it appears to be a response to defendants' amended motion to dismiss, but is unresponsive to defendants' contentions.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted.  A complaint must contain sufficient facts that, when accepted as true, state a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation.  *Id.*  Legal conclusions must be supported by "well-pleaded factual allegations." *Id.* at 664.

## III.  DISCUSSION

Section 1983 provides a remedy for deprivation of rights established by the Constitution or federal law.  To state a claim under 42 U.S.C. § 1983, plaintiff must demonstrate defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States.  *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).  Liability under § 1983 cannot be premised on the theory of respondeat superior; personal wrongdoing of each individual must be shown "through allegations of personal direction or of actual knowledge and acquiescence."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).  The plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve.  *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir.

2007).

Plaintiff's complaint alleges Section 1983 claims based on housing in the Philadelphia Prison System and inadequate health care for plaintiff's injured shoulder. Plaintiff names the Philadelphia Prison System, Warden Delaney, and Med. Dept. Helen as defendants. Plaintiff has failed to include any allegations that these defendants were personally involved in the alleged deprivation of his constitutional rights.

Plaintiff's complaint names John Delaney as the Warden of CFCF and includes an allegation that his claims arose "sometime in jail at CFCF." *See* Compl. at 2-3. Plaintiff does not allege that Warden Delaney had personal involvement in the actions giving rise to his action or that he gave personal direction concerning plaintiff's housing conditions. Listing a defendant's job description without additional information is not sufficient to create an allegation of personal direction or actual knowledge and acquiescence. *See Evancho*, 423 F.3d at 353. Plaintiff's allegations against Warden John Delaney are not sufficient to state a claim under Section 1983.

The claims against the Philadelphia Prison System must be dismissed because the Philadelphia Prison System is not a "proper party." *Jackson v. City of Erie Police* Dep't, 2014 WL 2783962, at *2 n.2 (3d Cir. 2014); *see also Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976). Even if the court were to find that plaintiff intended to sue the City of Philadelphia instead of the Philadelphia Prison System, a claim against a municipality under Section 1983 requires a constitutional violation was caused by a "policy, regulation or decision officially adopted by the governing body [of the municipality] or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). The complaint fails to state a claim against the Philadelphia Prison System.

Plaintiff's claim against Med. Dept. Helen must also be dismissed because plaintiff has

not provided enough information for this defendant's identity to be determined. The City of Philadelphia has not accepted service on behalf of Med. Dept. Helen and no attorney has entered an appearance on his or her behalf. *See* Defs. Am. Mot. to Dismiss at 2, n.1. Plaintiff's claim against defendant Med. Dept. Helen is dismissed without prejudice to reassertion if, and when, plaintiff can amend his complaint to identify with specificity the defendant and how the defendant violated his constitutional rights. Fed.R.Civ.P. 8(a).

## IV.  CONCLUSION

Defendants' motion to dismiss plaintiff's complaint will be granted. Plaintiff will be granted leave to amend his complaint. An appropriate order follows.